Hon. William A. Kelly County Attorney, Ulster County
This is in response to your letter concerning a resolution passed by the Ulster County Legislature which called upon the Public Service Commission to reject a rate increase request by the New York Telephone Company and directed the county treasurer to allocate $1,000 to help the New York State Consumer Protection Board resist the proposed rate increase, noting that said Board had requested greater involvement and resources from county government.
The question presented is whether such an allocation of county funds would be unconstitutional or in violation of any law.
Article VIII, § 1 of the New York State Constitution provides, in relevant part, that "no county * * * shall give or loan any money or property to or in aid of any individual, or private corporation or association, or private undertaking."
The constitutional prohibition does not, by its terms, extend to a grant by a municipality to a State agency. In construing such constitutional provision, the Court of Appeals stated that although public money may not be allocated to a private undertaking, there is no prohibition against gifts (or grants) of funds to a public corporation for proper publicpurposes (Union Free School District v Town of Rye, 280 N.Y. 469, 474
[1939]; Comereski v City of Elmira, 308 N.Y. 248, 252 [1955]). So long as a proper public purpose would be served, the proposed allocation would be constitutionally permissible.
Chapter 270 of the Laws of 1970 amended various sections of the Public Service Law, including subdivision (2) of section 92, which requires a telephone corporation in specified circumstances to notify municipalities served by it of rate increase requests filed by the utility with the Public Service Commission. The legislation was introduced upon the recommendation of former Governor Rockefeller, and the legislative memorandum of the State Executive Department contains the following statement in support of the bill:
 "It has become more common for municipalities to act to protect the interest of consumers within their bounds. Accordingly, the bill would require municipalities to be given notice of rate filings to enable them to protect the interest of their citizens in the consideration of rate applications before the PSC." (NY Legis Ann, 1970, p 338.)
On approving the legislation, the Governor wrote:
 "The bill * * * provides, that notice of any rate application must be given to local governments in the area of service covered by the rate application to enable them to participate in proceedings before the Public Service Commission to aid the Commission in the protection of the interest of citizens of the area. * * * These measures will help consumers and their local representatives to participate effectively in proceedings relating to utility services and rates that may have substantial effect on them and the way that their money is spent, and will enable the Commission to protect the public interest more effectively through the use of temporary rate adjustments." (NY Legis Ann, 1970, pp 480-481.)
It was clearly intended that local governments have access to the Public Service Commission in rate application matters, and an expenditure of money for such a purpose would, therefore, be proper.
Since the county would not be acting directly, however, its substitute must be similarly capable of carrying out the public purpose. The executive Director of the Consumer Protection Board is authorized to participate in proceedings before the Public Service Commission (Executive Law, § 553 [2] [c], [3] [d]) and, accordingly, is capable of carrying out the proper purpose.
We are advised that the Consumer Protection Board is in the process of determining whether local municipal payments will be made to the Board itself, or directly to the Board's consulting firm. If the grant is to be made to the Board, we note that the provisions of section 11
of the State Finance Law must be complied with.
From all of the foregoing, it is our opinion that a grant of money by Ulster County to the New York State Consumer Protection Board or to the Board's consulting firm for the purpose of opposing a rate increase request by the New York Telephone Company would be constitutional and not in violation of law.